# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GINA MILITELLO, now ERIN,<br>Individually and as Administratrix of<br>The Estate of ASHLEY NICOLE<br>CRABTREE, Deceased,<br><br>    Plaintiff,<br>vs.<br><br>ICAN LOGISTICS, INC., a Foreign<br>For Profit Corporation; ZEYS WANG, an<br>Individual; and HONGYUE TRUCKING,<br>INC.,<br><br>    Defendants.<br><br>and<br><br>ICAN LOGISTICS, INC.,<br><br>    Defendant/<br>    Third-Party Plaintiff,<br><br>vs.<br><br>WESCO INSURANCE COMPANY,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. CIV-17-290-HE |

## ORDER

Plaintiff Gina Militello[1] filed this wrongful death action individually and on behalf of her deceased daughter, Ashley Nicole Crabtree, against ICAN Logistics, Inc.

---

[1] *Although the plaintiff is now Ms. Erin, the court will continue to refer to her as Ms. Militello.*

("ICAN"),[2] Zeyu Wang, and Hongyue Trucking, Inc. ("Hongyue"). Her claims arise out of a vehicle accident involving the decedent and defendant Wang. ICAN filed a third-party complaint against Wesco Insurance Company ("Wesco"), who then filed a counterclaim and crossclaims for declaratory judgment against ICAN, Militello, Hongyue and Wang. The court previously denied dispositive motions filed by Wesco and Ms. Militello. In this order it will consider a motion for summary judgment filed by ICAN.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact 'exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.'" Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quoting Zwygart v. Bd. of Cnty. Comm'rs, 483 F.3d 1086, 1090 (10th Cir.2007)). Considering ICAN's motion filed under this standard, the court concludes it should be granted.

Background

On November 8, 2015, defendants Hongyue, as lessor, and ICAN, as lessee, executed a one year Equipment Performance Lease Agreement ("lease" or "agreement"). The agreement provided that Hongyue would lease a tractor and a trailer, both of which were specifically identified, to ICAN, and that Hongyue would "employ a solo driver

_____

[2] *It is unclear whether the correct spelling of defendant's name is ICAN or ICan. Even defendant has spelled it both ways. Compare Doc. #6 with Doc. #71. The court will use ICAN.*

operating this equipment." Doc. #70-1, p. 1, ¶ 4.[3] With respect to the driver the agreement also stated that "Lessor shall, by its own choosing, employ personnel to driver [sic]." *Id.* at p. 2, ¶8. The lease further provided that:

> Lessor shall indemnify and be liable to Carrier for each accident for any loss or damage to third person, or property, or to Carrier's equipment which results from the conduct of Lessor and his, or her agents or employees. Lessor shall be liable for the entire loss or damage to third persons or properties resulting from his or her conduct or that of his, or her agents or employees. This shall include, but is not limited to, colliding with third parties, structures, vehicles, loss of or damage to cargo due to the negligence of or the improper or negligent securing by Lessor, his, or her agents or employees.

*Id.*

Plaintiff's daughter was killed when her vehicle collided with a tractor-trailer driven by Zeyu Wang on March 6, 2016, in Oklahoma City, Oklahoma. In the amended complaint ("complaint") plaintiff alleges that defendant Hongyue had leased the tractor and trailer and provided the driver, Wang, to ICAN. She alleges that both ICAN and Hongyue should have known that Wang, who purportedly left California around March 5, 2016, transporting cargo in the tractor-trailer, was not qualified to operate the vehicle because he could not speak or write English sufficiently to, among other things, understand traffic signs and make legible entries on reports and records. Plaintiff alleges that Wang violated federal motor carrier regulations by failing to take mandatory rest breaks while driving from California. She specifically claims that when the accident occurred Wang had been driving more than eleven hours, been on duty more than fourteen hours and had falsified his record

---

[3] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

3

of duty logs. Plaintiff contends that, even though there was a sign on the road where the accident occurred which stated "'Congestion Be Prepared to Stop,' Wang negligently struck the rear of Crabtree's vehicle, fatally injuring her daughter. Doc. #15, p. 4, ¶¶ 28-29. Plaintiff asserts claims for negligence and negligence per se against ICAN, Wang and Hongyue.

ICAN filed a crossclaim against Hongyue, asserting it is entitled to contractual indemnity pursuant to the terms of the lease agreement they executed and common law indemnity for any liability imposed in this action. ICAN claims that Hongyue breached the agreement by failing to list it as an additional insured on an insurance policy Hongyue obtained from Wesco. ICAN also filed a third-party complaint against Wesco, in which it alleged that Wesco also "breached its duty and the Lease Agreement by failing to make ICAN an additional insured under its policy." Doc. #18, p. 2, ¶6.

ICAN has moved for summary judgment against Hongyue on its indemnity crossclaim. It contends the agreement "clearly and unequivocally states that Hongyue will indemnify ICAN for any damages caused by its [Hongyue's] employees when colliding with third-parties." Doc. #70, p. 10.

Analysis

The court begins by determining which law applies to the contract at issue. Because jurisdiction in this case is based on diversity of citizenship, the choice-of-law provisions of Oklahoma, the forum state, are applied to determine the law which governs the interpretation of the lease agreement. *See* Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 887 (10th Cir. 1991) (when interpreting a contract, "[w]e look to the conflict of

4

laws rules of ... the forum state[ ] to determine which state's laws will be controlling").

Oklahoma's choice-of-law rules for contract actions are statutory: "A contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." 15 Okla. Stat. § 162. When the agreement does not directly or implicitly indicate the place of performance, the court will apply the law of the state of contracting. Rhody v. State Farm Mut. Ins. Co., 771 F.2d 1416, 1420 (10th Cir.1985).

Applying those principles leads to the application of California law.[4] The agreement is silent as to place of performance but the court assumes it was executed in California, as both ICAN and Hongyue are California corporations.[5] In addition, the agreement contains a choice of law clause stating that "This writing constitutes the entire agreement between the parties and shall be governed by the laws of California." Doc. #70-1, p. 2. California has a strong policy favoring the enforcement of freely negotiated choice-of-law clauses. See Kaul v. Mentor Graphics Corp., 2016 WL 6249024, at **6, 8 (N.D.Cal. Oct. 26, 2016, *appeal filed* (9th Cir. November 22, 2016) (No. 16-17139).

Under California law, in general, an indemnity agreement "is construed under the same rules as govern the interpretation of other contracts." Crawford v. Weather Shield

---

[4] *Although ICAN mistakenly asserts that the lease agreement is interpreted according to Oklahoma law, it does not matter because the rules of interpretation are the same.*

[5] *As Hongyue points out in its response brief, Hongyue and ICAN admitted plaintiff's allegations that they are California companies in their answers to the amended complaint. See Doc. #15, p. 5, ¶¶5-6; Doc. #17, p. 2, ¶5; Doc. #34, p.2, ¶6.*

Mfg., Inc., 187 P.3d 424, 430 (Cal. 2008).[6]  Effect is given to the parties' mutual intent, ascertained from the contract language, if it is clear and explicit.  *Id.* (citing Cal. Civ. Code, §§ 1636, 1638. The contract's words are to be understood in their ordinary and popular sense, unless the parties have indicated a special meaning."  *Id.*  The goal "is to give effect to the intent of the parties based on the writing, which governs if it is clear and explicit." Suretec Ins. Co. v. BRC Const., Inc., 2013 WL 6199021, at *3 (E.D.Cal., Nov. 27, 2013).

ICAN argues that the lease agreement expressed the parties' clear intent that Hongyue was to indemnify ICAN for any accidents resulting in loss or damage to third parties caused by the conduct of Hongyue or its agents or employees.  ICAN points out that it expressly provides indemnification for "colliding with third parties," which is the basis for plaintiff's claims in this action.

In response Hongyue contends first, that under the terms of the agreement it is obligated to indemnify the Carrier only if the act complained of was committed by Hongyue, its agent or its employee.  Hongyue asserts a question of fact exists as to whether Wang, the alleged tortfeasor, was actually driving for ICAN on the night of the accident, rather than for Hongyue.  Second, Hongyue contends that, while the agreement states that the "lessor shall indemnify and be liable to the carrier," the agreement defines ICAN as the "lessee," but not the "Carrier."  Neither argument is persuasive.

The evidence Hongyue relies upon to create a dispute as to Wang's relationship with

---

[6] *While there are some statutory rules for interpreting indemnity agreements, the parties do not contend that any apply and none appear to affect the interpretation of the agreement.  See Cal. Civ. Code, § 2778.*

Hongyue at the time of the collision -- photographs of the tractor-trailer, the driver's daily log and deposition testimony of Wang, is insufficient to create a <u>material</u> dispute of fact regarding the identity of his employer. The fact that ICAN's logo is on the truck does tend to show that Wang was, as Hongyue asserts, driving for ICAN. However, in accordance with the agreement, he was supposed to be driving for ICAN, although he was still doing the driving as a Hongyue employee. Hongyue provided the tractor, trailer and driver under the terms of the lease.

Hongyue also is correct that the driver's log reflects that ICAN was the carrier of the load Wang was driving on the date of the accident.[7] But that does not controvert the lease agreement. Nowhere on the log does it state who employed Wang or that ICAN, not Hongyue, was Wang's employer. In addition, as ICAN points out, Hongyue never denies that Wang was its employee.[8] Rather, Hongyue skirts the issue, arguing instead that Wang was "driving for" ICAN at the time of the accident.

Hongyue's reliance on the testimony of Wang is similarly misplaced. Hongyue asserts that, when shown one of his paychecks, Wang testified that Hongyue and ICAN "were the same company." Wang does state at one point that "they have two names for

---

[7] *As is discussed in the order resolving the motions for summary judgment filed by plaintiff and third party defendant Wesco, a question exists as to whether Hongyue was a for-hire carrier on the day of the accident.*

[8] *With its reply brief ICAN submitted additional evidence which it asserts demonstrates that Wang was an employee of Hongyue. With one exception, the court has not considered the evidence as Hongyue has not had the opportunity to address it. The court has considered Exhibit 3 to Wang's deposition, as it is discussed in deposition testimony Hongyue cites in its response brief.*

their business. One is Hongyue; the other is ICAN." Doc. #73-1, p. 3. However, when he was subsequently asked their status, he said: "I think they are the same company." *Id.* at p.2. Notably the paycheck Wang was shown was written on a Hongyue Trucking account and he testified that it was representative of the paychecks Hongyue consistently provided him.

As other evidence of alleged confusion regarding Hongyue's relationship with Wang, Hongyue cites Wang's use of the pronoun "them." When asked whether it was true that he had only "been employed by ICAN and/or Hongyue for a few months at the time of this incident," Wong responded that he "worked with <u>them</u> for a few months" *Id.* at p. 6. Finally, Hongyue claims that Wang testified that he communicated with a dispatcher named "Kevin" and it points to evidence that Kevin Lee is ICAN's president.

None of the evidence Hongyue offers, whether viewed alone or in combination, creates an issue for a jury as to the identity of Wang's employer. "A mere scintilla of evidence supporting the nonmoving party's theory does not create a genuine issue of material fact." <u>Anderson v. Coors Brewing Co.</u>, 181 F.3d 1171, 1175 (10th Cir. 1999). The nonmoving party must present sufficient evidence on which a reasonable jury could find in its favor. *Id.* Hongyue has not done that here.

Hongyue's other argument is that the indemnity provision of the agreement is only enforceable by the "Carrier," which is not a defined term in the parties' contract. This argument also fails to create a justiciable question of fact which defeats ICAN's motion.

The agreement's provisions are not complicated or confusing. The lease is between two parties, Hongyue, the lessor, and ICAN, the lessee. It is clear from reading the entire

contract that the lessee, which is renting the tractor and trailer, being provided a driver, and transporting the goods, is also the "Carrier." For example, in paragraph 5 the lessor agrees to indemnity the Carrier against damage to the cargo and in paragraph 8, the Carrier, the party transporting the goods, agrees to comply with the financial responsibility requirements of the Motor Carrier Act of 1980.

The court therefore concludes that Hongyue is contractually required to indemnify ICAN, the carrier, in accordance with the provisions of the lease agreement Hongyue and ICAN executed.

Accordingly, defendant ICAN's motion for summary judgment against Hongyue on its indemnity crossclaim [Doc. #70] is **GRANTED**.[9] Judgment in ICAN's favor on its crossclaim will be entered when the action is concluded with respect to all parties and claims. Fed.R.Civ.P. 54(b).

   **IT IS SO ORDERED**

Dated this 11th day of April, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[9] *ICAN's request for attorney's fees is at this time denied. ICAN may renew its request by filing an appropriate motion at a later date.*